Pearson, J.
 

 We are of opinion, that he is not entitled to this relief.
 

 The plaintiffs insist, that if the debt to King has been satisfied, the whole resulting trust belongs to him and he may call for the legal title. This would be true, provided the equitable, as well as the legal estate, belonged to him before the deed of trust. But the price paid for the land was furnished for the benefit of the defendant Claudius Pegues. This gave him the equitable estate, although the legal title was in the plaintiff.
 

 The effect of the deed of trust was to vest the estate in King, in trust, to secure the payment of the debts due to King and the plaintiff, and then, in trust, for the defendant Claudius Pegues, the equitable owner.
 

 If the debt to King has been paid, the trust is so far satisfied ; but if it remains unsatisfied, as to the debt of the plaintiff; and although the plaintiff is not entitled to the specific relief prayed for, yet, under the general prayer, he is entitled to a decree, that the land shall stand as a security for his debt, or such part of it as has not been
 
 *420
 
 paid to King, who, by the deed of trust, had authority to receive it for him.
 

 The equitable estate belongs to the defendant Claudius Pegues, or his assignee, the defendant, John Grady, subject to the right of the plaintiff and King to have their debts, or such parts as may not have been paid, secured by the land. Grady did not acquire the legal estate by the conveyance of his co-defendant Claudius Pegues and can only set up his equity.
 

 It was urged by the defendants’ counsel, that the effect of the deed by King to the plaintiff, was to discharge the land, so far as the plaintiff’s debt was concerned, and substitute the mere personal obligation of King.
 

 We think, that deed was intended to be, and had the legal effect of, an express admission by King of the plaintiff’s right to that portion of the amount, secured by the deed of trust; in other words, it was an express declaration of a trust to that effect.
 

 A reference will be made, to ascertain, whether any,, or how much of the debt of King remains unsatified, and the amount of the debt, with interest, due the plaintiff, and whether any, and if so, what payments have been-made to King for or on account of the plaintiff’s debt.
 

 Per Curiam-
 

 Decree accordingly.